## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIVERSIFIED SEARCH LLC | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DIVERSIFIED STAFFING GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff Diversified Search LLC ("Plaintiff" or "Diversified"), for its Complaint against Defendant Diversified Staffing Group, LLC ("Defendant" or "DSG"), alleges and avers as follows:

## THE PARTIES

1.      Plaintiff Diversified is a Pennsylvania limited liability company formed and existing under the laws of the State of Pennsylvania, with its principal place of business at 2005 Market Street, Suite 3300, Philadelphia, Pennsylvania 19103.

2.      Upon information and belief, Defendant DSG is a Delaware limited liability company formed and existing under the laws of the State of Delaware, with its principal place of business at 1275 Drummers Lane, #103, Wayne, Pennsylvania 19087.

## JURISDICTION AND VENUE

3.     Through this Complaint, Plaintiff asserts claims against Defendant that arise under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, and Pennsylvania common law.

4.     The Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a).  The Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5.     The Court has personal jurisdiction over Defendant in that Defendant has its principal place of business in the State of Pennsylvania, and does business within the State of Pennsylvania.

6.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a) because:  (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred; (b) this is a judicial district in which Defendant resides or has its principal place of business; and (c) this is a judicial district in which Defendant may be found, and there is no judicial district in which the action may otherwise be brought.

## DIVERSIFIED SEARCH

7.     Plaintiff Diversified is a nationwide executive search and placement firm headquartered in Philadelphia.

8.     Diversified started doing business in the Philadelphia region under the mark DIVERSIFIED SEARCH in 1982.

2

9.     Diversified was started by Judith von Seldeneck in 1974 as a small firm that specialized in finding full-time, well-paying jobs for women.   At that time, the company was called "DIstaffers."

10.     In 1982, Ms. von Seldeneck changed the name of the firm to Diversified Search.

11.     Over the next several decades, Diversified blossomed into a formidable competitor in the highly competitive world of executive search.

12.     Diversified has nine (9) offices throughout the U.S.   Besides Philadelphia, Diversified has offices in Atlanta, Boston, Chicago, Miami, New York, San Francisco, Mission Viejo (CA) and Washington, D.C.

13.     Through a global partnership with a company called AltoPartners, Diversified is part of an elite global alliance of placement firms with fifty-eight (58) offices in thirty-five (35) countries.

14.     Diversified first used the mark DIVERSIFIED SEACH in interstate commerce in connection with executive placement services at least as early as June 22, 1982.

15.     Since 1982, Diversified has extensively promoted its business and services under the mark DIVERSIFIED SEACH in interstate commerce for staffing and placement services, and has acquired valuable goodwill in the mark.

16.     In 1984, Diversified was granted a Federal Trademark Registration for the mark DIVERSIFIED SEARCH as used in connection with "Personnel Placement Services for Business Executives" (hereinafter, the "'443 Registration").   *See* Ex. A (U.S. Reg. No. 1,264,443).

3

17.     The '443 Registration has always been, and continues to be, in full force and effect, and is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, providing conclusive evidence of the validity of the '443 Registration, of Plaintiff's' ownership thereof, and of Plaintiff's right to use the mark DIVERSIFIED SEARCH in commerce for the services listed above, as provided in 15 U.S.C. § 1057(b) and § 1115(a).

18.     Since 1982, Diversified has expended substantial resources marketing and maintaining the strength of the mark DIVERSIFIED SEARCH.  Consumers, as a result, have developed a strong association between the mark DIVERSIFIED SEARCH and Diversified's high quality services.  The strength of the mark DIVERSIFIED SEARCH is one of Diversified's most valuable corporate assets.

## NATURE OF THE CASE

19.     Plaintiff Diversified brings this action to put a stop to Defendant DSG's trademark infringement and unfair competition, arising from Defendant's willful infringement of the mark DIVERSIFIED SEARCH.

20.     The mark DIVERSIFIED SEARCH embodies the goodwill and repute of Plaintiff.

21.     Defendants are displaying and utilizing the mark "Diversified Staffing Group" in connection with staffing and placement services in interstate commerce.   An example of Defendant's use of the mark "Diversified Staffing Group" is shown below:



4

22.     The form in which Defendant uses the mark "Diversified Staffing Group" intentionally emphasizes the term "Diversified" by placing it in a larger font.

23.     Defendant's use of the mark "Diversified Staffing Group" in connection with staffing and placement services is likely to cause confusion with respect to Plaintiff's mark DIVERSIFIED SEARCH, resulting in unfair competition and trademark infringement.

## THE INFRINGING ACTIONS BY DIVERSIFIED STAFFING GROUP

24.     Upon information and belief, Defendant was formed in July 2017 under the laws of the State of Delaware.

25.     Upon information and belief, Defendant's website at https://dsgstaff.com/ was first registered in September 2017, and launched with content on or about February 24, 2018.

26.     Defendant's website indicates that the principals have "almost 40 years" of experience in the staffing and placement services field.

27.     The LinkedIn Profile of Defendant's President and Founder (Michael Masiello) states that he worked at a placement and staffing company called K Force, Inc. ("K Force") for over fifteen (15) years before founding DSG in December 2017. *See* Ex. B. The profile also states that Mr. Masiello had responsibility for the "Greater Philadelphia region" at K Force beginning in 2008.

28.     Upon information and belief, Mr. Masiello was aware of Plaintiff and the mark DIVERSIFIED SEARCH before launching DSG in December 2017.

29.     The LinkedIn Profile of Defendant's Senior Vice President (Alexa Scalzi) states that she also worked at K Force for over fifteen (15) years before moving to DSG in January 2018. *See* Ex. C. The profile also states that Ms. Scalzi had responsibility for the "Greater Philadelphia region" at K Force beginning in 2009.

EAST\154727298.1

30.     Upon information and belief, Ms. Scalzi was aware of Plaintiff and the mark DIVERSIFIED SEARCH before joining DSG in January 2018.

31.     The LinkedIn Profile of Defendant's Vice President (Andy Hicks) states that he also worked at K Force before moving to DSG in December 2017. *See* Ex. D. The profile also states that Mr. Hicks had responsibility for the "Greater Philadelphia region" at K Force from at least 2009 to 2011. Beginning in 2011, Mr. Hicks worked for another staffing and placement company in the Philadelphia area called Quad 656.

32.     Upon information and belief, Mr. Hicks was aware of Plaintiff and the mark DIVERSIFIED SEARCH before joining DSG in January 2018.

33.     Defendant is not authorized to use Plaintiff's registered mark DIVERSIFIED SEARCH or any similar mark (such as "Diversified Staffing Group"), or to otherwise claim that they are an authorized dealer of, or are affiliated with, or sponsored or endorsed by, Plaintiff.

34.     Defendants' infringing use of the mark "Diversified Staffing Group" in connection with staffing and placement services is likely to confuse consumers.

35.     Defendant's use of the mark "Diversified Staffing Group" in connection with staffing and placement services will lead reasonably prudent consumers to conclude that Defendant's services are exclusively or jointly developed by, licensed by, sponsored or certified by, or otherwise associated or affiliated with Plaintiff.

36.     Consumers are likely to be misled as to the source, sponsorship, or affiliation of Defendant's services.

37.     Defendant's services are distributed through the same channels of trade in which Plaintiff's services are distributed, which is likely to cause consumer confusion, mistake and deception.

38.     Defendant is aware of Plaintiff's rights arising under trademark and unfair competition law but refuses to respect them.  Plaintiff first contacted Defendant by letter dated March 16, 2018 and demanded that Defendant cease and desist from its infringing use of the mark "Diversified Staffing Group."

39.     Defendant continues to use the mark "Diversified Staffing Group," and continues to falsely promote itself as being sponsored by and/or affiliated with Plaintiff.

40.     Upon information and belief, Defendant has intentionally and with knowledge of its wrongdoing sought to cause consumer confusion, mistake, and deception through the continued use of the mark "Diversified Staffing Group."

41.     Accordingly, Plaintiff seeks to enjoin Defendant from using the mark "Diversified Staffing Group" in connection with staffing and placement services, and from falsely claiming association with, sponsorship or endorsement by, Plaintiff.

## FIRST CLAIM FOR RELIEF

### (TRADEMARK INFRINGEMENT UNDER LANHAM ACTION § 32)

42.     Plaintiff realleges the allegations contained in paragraphs 1 through 41, inclusive, of this Complaint as though fully set forth herein.

43.     Plaintiff is the owner of the '443 Registration for the mark DIVERSIFIED SEARCH.  The mark DIVERSIFIED SEARCH is inherently distinctive and Plaintiff has developed and maintained substantial secondary meaning in the mark.

44.     Defendant, without Plaintiff's consent, has used reproductions, counterfeits, copies and/or colorable imitations of the mark DIVERSIFIED SEARCH in commerce or in connection with the sale, offering for sale, distribution and/or advertising of Defendant's services, and such use is likely to cause confusion, to cause mistake, and/or to deceive.

7

45.     Defendant's use of the mark "Diversified Staffing Group" is likely to cause confusion, mistake or to deceive the public as to the affiliation, connection or association of Defendant and its services with Plaintiff.

46.     By reason of Defendant's acts alleged herein, Plaintiff has suffered and will suffer damage to its business, reputation and goodwill.  Additionally, Plaintiff has suffered and will suffer the loss of sales and profits that it would have made but for Defendant's acts.

47.     Defendant's conduct constitutes willful trademark infringement pursuant to 15 U.S.C. § 1114(1).  Defendant's conduct was intended to cause confusion, has caused confusion, and will continue to cause confusion unless enjoined.

48.     For each completed act of trademark infringement, Plaintiff is entitled to recover its actual damages as well as Defendant's profits from such infringement.

49.     Defendant continues to do the acts complained of herein, and unless restrained and enjoined will continue to do so, all to Plaintiff's irreparable damage.  It would be difficult to ascertain the amount of compensation that could afford Plaintiff adequate relief for such continuing acts.  Plaintiff's remedy at law is not adequate to compensate it for the threatened injuries.  Monetary relief alone is not adequate to address fully the irreparable injury that Defendant's illegal actions have caused and will continue to cause Plaintiff if not enjoined.

## SECOND CLAIM FOR RELIEF

## (UNFAIR COMPETITION UNDER LANHAM ACT § 43(a))

50.     Plaintiff realleges the allegations contained in paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth herein.

51.     Plaintiff is the owner of the '443 Registration for the mark DIVERSIFIED SEARCH, as well as owner of all common law rights in the mark DIVERSIFIED SEARCH.

EAST\154727298.1

The mark DIVERSIFIED SEARCH is inherently distinctive and Plaintiff has developed and maintained substantial secondary meaning in the mark.

52.     Defendant has infringed and is infringing on Plaintiff's rights in the mark DIVERSIFIED SEARCH by virtue of its use of the mark "Diversified Staffing Group" in connection with staffing and placement services.  Such conduct has caused consumer confusion as to Plaintiff's association with, affiliation with, or sponsorship of Defendant's services.

53.     Defendant's unauthorized use in commerce of the mark "Diversified Staffing Group" in connection with staffing and placement services constitutes a false designation of origin and a false association that wrongfully and falsely designates the services offered thereunder as originating from Plaintiff, or as being associated, affiliated or connected with or approved or sponsored by Plaintiff.

54.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation and goodwill.  Defendant will continue, unless restrained, to conduct its business and services using the infringing mark "Diversified Staffing Group," which is confusingly similar to the mark DIVERSIFIED SEARCH, and will continue to cause irreparable damage to Plaintiff.

55.     Defendant's conduct constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).  Defendant's conduct was intended to cause confusion, has caused confusion, and will continue to cause confusion unless enjoined.

56.     Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant and any of its officers, agents, servants, licensees, and employees, and all persons acting in concert with Defendant, from engaging in further acts of false designation of origin, affiliation or sponsorship.

9

57.     Plaintiff is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts.  Plaintiff is unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendant's acts of false designation of origin, affiliation or endorsement. Plaintiff's remedy at law is not adequate to compensate it for the threatened injuries.  Monetary relief alone is not adequate to address fully the irreparable injury that Defendant's illegal actions have caused and will continue to cause Plaintiff if not enjoined.

58.     Plaintiff is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its wrongful acts.  Plaintiff is unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of false designation of origin, affiliation or endorsement.

59.     Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

60.     Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF

### (COMMON LAW UNFAIR COMPETITION)

61.     Plaintiff realleges the allegations contained in paragraphs 1 through 60, inclusive, of this Complaint as though fully set forth herein.

62.     Defendant's actions complained of herein constitute unfair competition under the common law of the State of Pennsylvania.

63.     Defendant's actions have caused and will likely continue to cause confusion, mistake, and deception among consumers.

EAST\154727298.1

64.     Defendant's unfair competition has caused and will continue to cause damage to Plaintiff, including irreparable harm for which there is no adequate remedy at law.

65.     As a consequence of Defendant's unfair competition, Plaintiff is entitled to damages and preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition.

**FOURTH CLAIM FOR RELIEF**

**(UNJUST ENRICHMENT)**

66.     Plaintiff realleges the allegations contained in paragraphs 1 through 65, inclusive, of this Complaint as though fully set forth herein.

67.     Defendant's foregoing acts of trademark infringement and unfair competition have conferred a benefit upon Defendant, and Defendant appreciated that benefit under circumstances where it would be inequitable for Defendant to retain the benefit without payment of its value to Plaintiff.

68.     Defendant's retention of the benefits of Plaintiff's goodwill violates principles of justice, equity and good conscience.

69.     Defendant's unauthorized use of the mark "Diversified Staffing Group" has caused Defendant to be unjustly enriched to the detriment of Plaintiff.

70.     Accordingly, Plaintiff is entitled to restitution in the amount of Defendant's unjust enrichment.

EAST\154727298.1

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

A.      Finding that Defendant:

1.      Willfully infringed the DIVERSIFIED SEARCH mark under 15 U.S.C. § 1114 and the common law;

2.      Willfully infringed the DIVERSIFIED SEARCH mark under the common law;

3.      Willfully conducted acts that resulted in a false designation of origin, affiliation or sponsorship in violation of 15 U.S.C. § 1125(a); and

4.      Willfully engaged in unfair competition under common law.

B.      Granting an injunction pursuant to the powers granted the Court under 15 U.S.C. § 1116, enjoining and restraining Defendant and its agents, servants and employees from directly or indirectly using the mark DIVERSIFIED SEARCH and any other mark or designation that is confusingly similar to the mark DIVERSIFIED SEARCH (such as the mark "Diversified Staffing Group"), or that is likely to cause confusion, to cause mistake or to deceive.

C.      Granting an injunction pursuant to the powers granted the Court under the common law enjoining and restraining Defendant and its agents, servants and employees from directly or indirectly using the mark "Diversified Staffing Group" and any other mark or designation that is confusingly similar to the mark DIVERSIFIED SEARCH, or that is likely to cause confusion, to cause mistake or to deceive.

12

D.     Requiring Defendant to account to Plaintiff for any and all profits derived by Defendant from the services provided through its use of the infringing mark "Diversified Staffing Group," and any mark or designation confusingly similar to the mark DIVERSIFIED SEARCH, and for all damages, including, but not limited to, compensatory, actual, treble and/or punitive damages, sustained by Plaintiff by reason of the acts of infringement complained of herein.

E.     Awarding Plaintiff its reasonable attorneys' fees and costs of this suit pursuant to 15 U.S.C. § 1117.

F.     Granting such other and further relief as the Court shall deem just and necessary.


Dated:  May 25, 2018                    Respectfully submitted,

                                        Darius C. Gambino, Esquire (PA 83496)
                                        Joseph Kernen (PA 56343)
                                        DLA PIPER (US) LLP
                                        One Liberty Place
                                        1650 Market Street
                                        Suite 4900
                                        Philadelphia, PA 19103-7300
                                        Phone: (215) 656-3309
                                        Fax: (215) 606-3309
                                        darius.gambino@dlapiper.com

                                        Counsel for Plaintiff
                                        Diversified Search LLC

EAST\154727298.1